IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHEILA ANNETTE ADAMS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF INVESTIGATION, )<br>)<br>    Defendant. ) | Case No. 4:21-00143-CV-JAM |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. Doc. 8. Defendant argues that even after applying a liberal construction to Plaintiff's *pro se* pleadings, the pleadings fail to set forth any cognizable claim for relief. For the following reasons, Defendant's motion is granted:

## BACKGROUND

On or about January 20, 2021, Plaintiff Sheila Adams filed a petition in the Circuit Court of Jackson County, Missouri naming the Federal Bureau of Investigation as the only defendant. Doc. 1-1. Plaintiff filed a form petition provided for use in the Small Claims Court, and where the form prompted her to describe events giving rise to her claim, she wrote the words "bigotry," "misogyny," "racism," "bigot," "misogynist," and "racist." Doc. 1-1, p. 6. Additional, handwritten pages included with the petition reference, among other things, the year of the rat in the Chinese Zodiac; Leviticus 20, presumably from the Bible; Janet Jackson's 2004 Super Bowl performance; Barack Obama's 59th birthday, and various questions on topics ranging from

1

management style to feelings about other companies and voting.

Defendant FBI filed its notice of removal on March 4, 2021, and on March 11, 2021, Defendant filed a Motion for More Definite Statement of Fact, or in the alternative, Dismissal for Failure to State a Claim. Docs. 2-3. Plaintiff filed no response.[1] By April 26, 2021, both parties had consented to the jurisdiction of a U.S. Magistrate Judge. Doc. 4. The Court granted Defendant's motion for a more definite statement of fact on May 6, 2021, giving Plaintiff until May 20, 2021, to file her more definite statement. Doc. 6.

Past the May 20 deadline, on May 26, 2021, Plaintiff filed an additional pleading, specifically titled "A More Definite Statement." Doc. 7. Plaintiff's May 26 filing included vague references to prior litigation in the Jackson County, Missouri Circuit Court with a random assortment of case numbers, dates, and judges' names, all of which were presented with little to no explanation or context. Her amended pleading also included a list of phone numbers and random phrases.

On June 9, 2021, Defendant filed the instant Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 8. In its Motion to Dismiss, Defendant FBI argued that even when given a liberal construction, Plaintiff's pleadings fail to set forth any discernible factual allegations regarding Defendant and fail to assert any recognizable claim for relief. Doc. 8. Plaintiff filed no response, and the time for doing so has passed.

---

[1] Plaintiff's deadline to respond to Defendant's Motion for More Definite Statement of Fact was March 25, 2021. On April 26, 2021, a letter to the Court was filed at Doc. 5 as court only correspondence. A redacted version of the letter is now filed at Doc. 9, with what appears to be a social security number redacted from the letter. Although the letter predates the Court's May 6, 2021 Order, even if it were also construed as an amended pleading, it suffers from many of the same defects discussed herein and fails to state a cause of action against the FBI.

2

## ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In considering a Rule 12(b)(6) motion to dismiss, "we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." *Riley v. St. Louis County of Mo.*, 153 F.3d 627, 629 (8th Cir. 1998) (citation omitted). The Court will "accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions… ." *Twombly*, 550 U.S. at 555 (2007) (internal quotations and citations omitted).

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, … to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Though pro se complaints are to be construed liberally…they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[L]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Rickmyer v. Browne*, 995 F. Supp. 2d 989, 1027 (D. Minn. 2014) (internal quotations and citations omitted).

3

In considering the applicable standards governing Defendant's motion, it is clear that dismissal of Plaintiff's lawsuit is required. The Court is to accept any factual allegations set forth by Plaintiff as true, and yet, here, there are no factual allegations regarding Defendant to even consider. While Plaintiff was afforded an opportunity to amend her pleadings instead of a dismissal at the outset, Plaintiff's amended pleading (Doc. 7) presents a random assortment of dates, the names of judges and cases from a different court at the state level,[2] and vague references to prior attempts to resolve an otherwise unidentified issue. Additionally, nowhere in Plaintiff's amended pleading is Defendant FBI mentioned, let alone identified in relation to an allegation that might give raise to a legal claim.[3] Similarly, the original state court petition removed to this Court is bereft of allegations that would inform Defendant or this Court about the facts or circumstances underlying this lawsuit. Finally, Plaintiff's pleadings lack mention of any legal theory under which Plaintiff is seeking relief. No statutes are cited, no legal conclusions are made, and no causes of action are named. In short, after allowance for an amended pleading and even affording a liberal construction, no claim has been stated upon which relief can be granted.

## CONCLUSION

Therefore, in light of the foregoing, it is

**ORDERED** that Defendant's motion is granted. Doc. 8. Plaintiff's lawsuit is dismissed.

---

[2] Even if Plaintiff's amended pleading were construed as seeking reconsideration of these state court actions, Plaintiff's petition presents no legal authority to establish that this Court would have jurisdiction to intervene in those actions in any respect.

[3] Although Plaintiff's letter to the Court filed at Doc. 9 references the title of FBI Director, it is coupled with a derogatory reference and provides no factual allegations or a legal basis for a cognizable claim against the FBI.

Date: July 29, 2021                                       /s/ *Jill A. Morris*
                                              JILL A. MORRIS
                                              UNITED STATES MAGISTRATE JUDGE

5